IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS P. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:06-CV-961-WKW ) [WO] ) |
| HOUSTON COUNTY JAIL, et al., | ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 24, 2006, Thomas P. White ["White"], an inmate, initiated this 42 U.S.C. § 1983 action against Lamar Glover, the sheriff of Houston County, Alabama, jail commander W. B. McCarty, Lt. K. Rocco, the Houston County Jail and all commissioners of Houston County. In this complaint, White contends that the conditions of confinement to which he is subjected at the Houston County Jail are unconstitutional. White seeks monetary damages, injunctive relief and a declaratory judgment.

Upon review of the pleadings filed by the plaintiff, the court concludes that White's claims against the Houston County Jail and the commissioners of Houston County are due to be dismissed with prejudice prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

---

[1] The instant complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. The Houston County Jail

White names the Houston County Jail as a defendant in this cause of action. A county jail is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County Jail are due to be dismissed. *Id.*

### B. The Houston County Commissioners

White seeks to hold the commissioners of Houston County liable under 42 U.S.C. § 1983 for actions of sheriff Glover and jailers in their daily operation of the Houston County Jail. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). Thus, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt*, 137 at 1292.

In deciding whether a county commission is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520

U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)" Consequently, "an Alabama sheriff [and his jailers] act[] exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commissioners], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims

3

arising from the appropriation of funds for the operation and maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). White's claims against the Houston County commissioners are therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against the commissioners of Houston County be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The Houston County Jail and the commissioners of Houston County be dismissed from this cause of action.

4. This case, with respect to the plaintiff's claims against defendants Glover, McCarty and Rocco, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before November 15, 2006 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE